**Nelson D. JOHNSON, Appellant below,**

v.

**REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION, Appellee below.**

**No. 2–580A145.**

Court of Appeals of Indiana, Fourth District.

Oct. 21, 1980.

Rehearing Denied Nov. 24, 1980.

Charles J. Myers, Kokomo, for appellant.

Theodore L. Sendak, Atty. Gen., Jeffrey G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

CHIPMAN, Judge.

Nelson Johnson and Michael Hill were employed by Midwest Plating & Chemical Corporation of Kokomo, Indiana. Their employment was terminated and they later lost their eligibility for unemployment compensation. They appeal from this decision by the Review Board of the Indiana Employment Security Division.

We reverse.

Johnson and Hill have brought separate appeals but due to the similarity of the issues and the identity of the facts involved, we have consolidated the two appeals in the interest of judicial economy and in accordance with Indiana Rules of Procedure, Appellate Rule 5(B).

Johnson and Hill have raised the following issue:

Whether the decision of the Review Board contained sufficient findings of fact and whether those findings were based on substantial evidence in the record.

## FACTS

On December 26, 1979, an Indiana Employment Security Division Deputy determined Johnson and Hill were discharged for just cause for contributing to a work stoppage and their unemployment compensation benefits were suspended. They both requested a hearing before a referee claiming they were discharged due to their union activity. A hearing was set for February 13, 1980. The notice of hearing included a paraphrasing of a section of 640 IAC 1–11–4, Ind.Admin.Rules & Regs. (22–4–17–6)–1, informing the parties a continuance would be granted for good cause if requested in writing at least three days prior to the date of the hearing.

The day before the scheduled hearing Johnson and Hill retained attorney Charles Myers to represent them. On that same day, February 12, 1980, Myers telephoned the Security Division referee and requested a continuance since he would be out of town on the day of the scheduled hearing. Attorney Myers was told the hearing would be continued but, as it turned out, it was not. Myers and his two clients did not attend the hearings. A notice of dismissal was issued by the Review Board dated February 15, but the record does not disclose if or when the notice was mailed to Johnson and/or Hill. This notice also included a paraphrasing of another section of 640 IAC 1–11–4, informing the absent parties the cause was dismissed unless a reinstatement for good cause was requested "within seven (7) days from the date of mailing of this notice." When Myers returned to town on Friday, February 15, he was informed by his clients that the hearing was not continued. Myers left a message with the referee's answering service but his call was not returned until February 20. The referee then instructed Myers to request a reinstatement, this was done on February 25.

The request for reinstatement was denied for failure to comply with the seven day limitation and this denial was appealed to the Review Board. The Review Board dismissed both Johnson's and Hill's appeals. As to Johnson's appeal the Review Board made the following finding of fact:

"4. It is further found claimant by his attorney, filed a motion for reinstatement of subject case with the Appeals Supervisor, Chief of the Appellate Section, denied claimant's request for reinstatement March 5, 1980, since the request was not timely filed pursuant to Regulation 1004. [640 IAC 1–11–4]"

As to Hill's appeal, the Review Board made the following finding of fact:

"4. It is further found claimant by his attorney, filed a motion for reinstatement of subject case with the Appeals Supervisor, Chief of the Appellate Section, February 25, 1980. The last date to file a timely request for reinstatement was February 22, 1980, Regulation 1004. [640 IAC 1–11–4]"

Johnson and Hill now appeal the Review Board's dismissal.

## SUFFICIENCY OF THE EVIDENCE AND THE FINDINGS

■ *Indiana State Board of Registration and Education for Health Facility Administration v. Cummings*, (1979) Ind.App., 387 N.E.2d 491, 497, correctly states the requirements that must be met by an administrative order:

"[A]n administrative order must be based on facts specifically found by the agency and those facts must be based on substantial evidence in the agency's record of proceedings." (citations omitted)

The Review Board's finding in Johnson's case is a mere conclusion and fails to make any specific finding as to the date of mailing of the notice. In Hill's case, the Review Board impliedly made a specific finding that the notice was mailed on February 15 by finding the last day to file a timely request for reinstatement was February 22, seven days later. This finding of fact is not based on substantial evidence in the record. The record contains no evidence of the date the notice of dismissal was mailed nor does it contain any evidence concerning office mailing procedures.

1. We are not told in either the record or the briefs whether the notices of dismissal were ever mailed, or received by Johnson or Hill.

2. In its Notice of Referee Hearing form letter, the Review Board also inaccurately paraphrases a portion of 640 IAC 1–11–4. The form letter states a continuance may be granted if good cause is shown, but the adopted rule makes no mention of good cause. In this instance the claimant would be bound by the rule and not the form letter.

■ On appeal, the Review Board argues Johnson and Hill had, at the very least, constructive notice of the appeal deadline dates. The notice of dismissal informed Johnson and Hill they had "seven (7) days from the date of mailing" of the notice to request reinstatement. The record is equally void of any evidence as to whether Johnson, Hill or Myers had any constructive notice of the date of mailing.[1] While it is true 640 IAC 1–11–4 states the "party failing to appear shall apply within seven (7) days from the date of mailing of said decision or <u>notice of disposition</u> ... " (our emphasis) the Review Board has chosen not to include the underlined portion of the rule on its notice of dismissal form letters. If the Review Board chooses to adopt a rule and then not fully state the rule when informing a claimant of his rights, the Review Board will be bound by the incomplete statement of the rule on the form letter.[2]

By our decision in this case we do not mean to say the Indiana Employment Security Division must send all of its notice correspondence registered or certified mail return receipt requested, but some type of notation or record of date of mailing must be kept. If a controversy should arise concerning the date of mailing, the postmark date on the envelope containing the notice could serve as rebuttable evidence of the date of mailing.[3]

Under 640 IAC 1–11–4 the Review Board's decision whether to reinstate a case is discretionary based upon good cause being shown by the claimant. On remand the Review Board is free to deny the reinstatement if Johnson and Hill fail to show good cause for their failure to appear at the hearing.

3. We note 640 IAC 1–11–4 is not the only rule that measures time from the date of mailing, e. g., 640 IAC 1–9–2, Ind.Admin.Rules & Regs. (22–4–17–1)–1. In the case of 640 IAC 1–11–4, the seven day limitation period comes dangerously close to violating the due process clause of the 14th amendment when we consider the lag in the mail caused by weekends, holidays, slow delivery, etc.

The dismissal of the Review Board is reversed and this cause is remanded to the Review Board for further proceedings not inconsistent with this opinion.

YOUNG, P. J., and MILLER, J., concur.